UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS MIGUEL RODRIGUEZ,

                Plaintiff,

- against -

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

                Defendant.

**ORDER**

18 Civ. 1742 (PGG) (KNF)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Miguel Rodriguez filed the Complaint in this action on February 26, 2018.  (Cmplt. (Dkt. No. 1))  Rodriguez seeks judicial review, pursuant to "[S]ection 205(g) and/or [S]ection 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. § 405(g) and/or § 1383(c)(3)," of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits.  (Id. at 1)

## PROCEDURAL HISTORY

        On March 5, 2018, this Court referred the case to Magistrate Judge Kevin Nathaniel Fox for a Report and Recommendation ("R & R").  (See Order of Reference (Dkt. No. 6))

        On June 26, 2019, Judge Fox ordered the parties to submit a status letter as "the administrative record has not been filed" and "no motion(s) has been made as contemplated by the Standing Order of the court."  (June 26, 2019 Order (Dkt. No. 9))  Defendant filed the administrative record on July 31, 2019.  (Dkt. No. 14)

        On September 27, 2019, Defendant moved for judgment on the pleadings, arguing that the Court should affirm the Commissioner's decision as it "is supported by substantial

evidence of record." (Def. Br. (Dkt. No. 16) at 3; see also Mot. (Dkt. No. 15)) Defendant argues, inter alia, that "the evidence generally does not support the loss of functioning alleged by Plaintiff during the adjudicated period, i.e., March 1, 2014, through September 30, 2014"; "the [Administrative Law Judge ("ALJ")] properly accorded good weight to [testifying expert physician] Dr. Greenberg's opinion on the grounds that Dr. Greenberg had reviewed Plaintiff's entire medical record, heard Plaintiff testify, and rendered an opinion that was consistent with the record on the whole"; "[t]he ALJ properly accorded little weight to Dr. Greenfield's assessment in April 2016 that Plaintiff could only tolerate mild exertion"; that "[u]ltimately, the total absence of supporting objective physical and mental examination findings during the relatively narrow adjudicated period at issue in this case belies Plaintiff's disability claim"; and that "the ALJ did not have any further obligation to supplement the record by acquiring a medical source statement from one of Plaintiff's treating sources[,] because the ALJ had all of [Plaintiff's] treating records. . . . (Def. Br. (Dkt. No. 16) at 17-18, 20)

Although attorney Christopher Bowes filed a notice of appearance on Plaintiff's behalf on December 17, 2019, see Dkt. No. 21, and requested an extension of time to file a motion for judgment on the pleadings, see Dec. 17, 2019 Pltf. Ltr. (Dkt. No. 22) – an application that Judge Fox granted, see Dkt. No. 23 – Plaintiff did not so move. Indeed, Plaintiff has made no submissions since his December 17, 2019 letter.

On April 9, 2020, Judge Fox issued an 8-page R & R, recommending that this Court grant Defendant's motion for judgment on the pleadings. (R & R (Dkt. No. 24))

In his R & R, Judge Fox notifies the parties that they have fourteen days from service of the R & R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. (R & R (Dkt. No. 24) at 7) The R & R further states that

"[f]ailure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review." (Id. at 8 (emphasis omitted))  Neither party has filed objections to the R & R.

## DISCUSSION

### I.   LEGAL STANDARD

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no objections are filed to a magistrate judge's R & R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived.  See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").  This Court has nonetheless reviewed Judge Fox's R&R for clear error.

3

## II.     THE ALJ'S DECISION

An ALJ conducted a hearing concerning Plaintiff's claim for disability benefits on April 20, 2016. The ALJ heard testimony from (1) Plaintiff – who proceeded pro se; (2) Dr. Paul Greenberg, an impartial medical expert; and (3) Mark Heckman, an impartial vocational expert. (Record ("R.") (Dkt. No. 14-2) at 19). The ALJ also considered reports from (1) Dr. Douglas Greenfield, a consultative examiner who conducted a physical examination of Plaintiff; and (2) Dr. John Nikkah, a psychiatric consultative examiner. (Id. at 26, 28). The ALJ did not hear testimony from Plaintiff's treating physicians, but did consider records obtained from the treating physicians. (See, e.g., id. at 25-29)

Plaintiff worked as a packer in 2012 and last worked in security from 2013 to February 2014. (Id. at 24, 29-30, 48-50, 55) His prior work involved lifting objects that weighed as much as 20 to 25 pounds. (Id. at 53) He alleged a disability onset date of March 1, 2014. (Id. at 19; R. (Dkt. No. 14-6) at 3) The ALJ determined that Plaintiff suffers from the following heart-related and psychiatric severe impairments: aortic valve replacement (2006); atrial fibrillation (2007); decrease ejection fraction (2007); congestive heart failure; anxiety disorder; and affective disorder. (R. (Dkt. No. 14-2) at 21) The ALJ further determined that none of Plaintiff's impairments – whether considered singly or together – met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id. at 22) The ALJ further determined, inter alia, that Plaintiff had the residual functional capacity to perform less than a full range of medium work; could lift/carry/push/pull twenty-five pounds frequently and fifty pounds occasionally; and could sit/stand/walk for as much as six hours during an eight hour work day. (Id. at 23) The ALJ concluded that Plaintiff was thus capable of performing his prior work as a packer, and was not disabled during the period

between March 1, 2014 and September 30, 2014.  (Id. at 30)

Plaintiff's testimony at the hearing, as well as the medical evidence, supports the ALJ's determination.  Plaintiff testified that he prepared meals at home; shopped monthly; and performed basic chores at home, including mopping the floor and moving heavy objects – such as furniture – when necessary.  He further reported that he could lift objects weighing as much as forty pounds without chest pain or shortness of breath.  (Id. at 27-29; R. (Dkt. No. 14-7) at 14)  As to the medical evidence, it showed that Plaintiff's heart-related symptoms had been well managed since 2007.  (Id. at 29)  Dr. Greenfield's physical examination and findings were consistent with the notion that Plaintiff could perform at least medium work.  While Dr. Greenfield had concluded in April 2016 that Plaintiff could perform work that required only mild exertion, the ALJ gave this opinion no weight, because it concerned Plaintiff's condition outside the relevant time period.  (Id. at 28-29)

As to mental health, the record suggested only mild to moderate issues, in the areas of understanding, remembering or applying information, social interaction, concentration, persistence, and adaptation.  (Id. at 22, 28)  The ALJ acknowledged these limitations in concluding that Plaintiff could perform work that required no more than two hours of continuous mental concentration at a time, with only occasional changes in the workplace and only occasional independent decision-making.[1]  (Id. at 23)

---

[1] With regard to Rodriguez's mental impairments, the ALJ referred to outdated "paragraph B" criteria for Listings 12.04 and 12.06 of 20 C.F.R. Part 404, Subpart P, Appendix 1.  (See R. (Dkt. No. 14-2) at 22)  However, Judge Fox found that this erroneous reference was harmless, "because it is clear from the ALJ's March 27, 2017 decision that the ALJ applied the paragraph B criteria for Listings 12.04 and 12.06 in effect as of January 17, 2017."  (R & R (Dkt. No. 24) at 6-7)  The Court agrees that the ALJ correctly applied the appropriate 12.04 and 12.06 criteria.

### III.   THE MAGISTRATE JUDGE'S R&R

In recommending that Defendant's motion for judgment on the pleadings be granted, Judge Fox accepts the ALJ's findings concerning Plaintiff's physical and mental condition:

> The ALJ concluded properly that Rodriguez's impairments, singly or in combination, did not meet or medi[c]ally equal Listings 4.02, for chronic heart failure, 12.04 for depressive, bipolar and related disorders, or 12.06 for anxiety and obsessive compulsive disorders, pursuant to 20 C.F.R. Part 404, Subpart P, Appendix 1, because the record does not support a finding that Listing was met or equaled during the adjudicated period, from March 1, 2014 to September 30, 2014. . . . The ALJ rejected properly Dr. Greenfield's opinion that Rodriguez was compromised in his ability to perform activities requiring more than mild exertion to the extent that it related to Rodriguez's condition in 2016, not the relevant time in 2014.
>
> The ALJ's residual functional capacity determination is supported by substantial evidence in the record, including Rodriguez's testimony.  Dr. Nikkah's and Dr. Greenberg's opinions were accorded good weight properly by the ALJ, as they are consistent with and supported by the evidence of record as a whole.  Moreover, Dr. Nikkah's opinion is consistent with his findings.  The ALJ relied properly on the vocational expert when determining that Rodriguez was able to perform his past relevant work as a packer, as well as Rodriguez's testimony that his past work as a packer involved lifting that was "like around 20 to 25 pounds."  Upon review of the record, the Court finds that the ALJ did not commit any legal error and the ALJ's decision is supported by substantial evidence.

(R & R (Dkt. No. 24) at 6-7)

This Court sees no error, much less clear error, in Judge Fox's reasoning and conclusions.  See Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

6

## **CONCLUSION**

Magistrate Judge Fox's R & R (Dkt. No. 24) is adopted in its entirety, and Defendant's motion for judgment on the pleadings is granted. The Clerk of Court is directed to terminate the motion (Dkt. No. 15) and to close this case.

Dated: New York, New York
      June 20, 2020

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge